IN THE UNITED STATEs DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

MICHAEL L. YOUNG,
    Plaintiff,

vs.

JASON B. GRIFFITH;
MILLER TRUCK LINES, LLC; and
BBJ TRAILER LEASING, LLC,
    Defendants.
_____/

No. 3:19 cv 00708-NJR-GCS

## DEFENDANTS, JASON B. GRIFFITH, MILLER TRUCK LINES, LLC; and BBJ TRAILER LEASING, LLC MOTION TO DISMISS FIRST AMENDED COMPLIANT; MOTION TO STRIKE COUNT III AND MEMORANDUM OF LAW IN SUPPORT

COMES NOW the Defendants, JASON B. GRIFFITH, MILLER TRUCK LINES, LLC; and BBJ TRAILER LEASING, LLC, by and through undersigned counsel and pursuant to Rule 12, Rule 8, and Rule 10, Federal Rules of Civil Procedure, hereby request that this Court grant their Motion to Dismiss; Motion to Strike Count III of the Plaintiff's Complaint and as grounds state as follows:

### Introduction & Procedural Background

This action arises out of a vehicle accident that occurred on July 4, 2017. The Plaintiff filed his initial complaint on June 28, 2019. [Doc. #1]. This Court issued an Order, on July 1, 2019, requiring the Plaintiff to file an amended complaint, based on the Plaintiff's failure to properly allege citizenship of each member of Miller Truck Lines, LLC and BBJ Trailer Leasing, LLC. [Doc. #9]. Thereafter, the Plaintiff filed an Amended Complaint, which was stricken by this Court on July 29, 2019. [Doc. #15]. Ultimately, the Plaintiff filed his First Amended Complaint on August 9, 2019. [Doc. #23].

As set forth below, the First Amended Complaint fails to comply with the pleading requirements set forth in Fed. R. Civ. P. 8 (a) (2) and Fed. R. Civ. P. 10 (b). Further, the First Amended Complaint includes repetitive and redundant causes of action. Finally, the First Amended Complaint asserts claims against an improperly named nonexistent defendant. Therefore, Defendants seek to dismiss the First Amended Complaint.

## Argument

Rule 8(a)(2), Federal Rules of Civil Procedure, requires that a pleading contain, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). *Ledbetter v. Good Samaritan Ministries*, 2012 WL 2601385, at *2 (S.D. Ill. July 5, 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). Additionally, as to the form of pleadings, Rule 10(b) provides, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances ... If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense." Fed. R. Civ. P. 10(b); *Id.*

"These basic rules are meant to produce a complaint that gives defendants fair notice of the claims against them and the grounds for supporting the claims." *Owens v. Coe*, 14-01421-MJR, 2015 WL 1143017, at *4 (S.D. Ill. Mar. 11, 2015) (citing *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir.2007); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

The First Amended Complaint attempts to set forth a claim for negligence against Jason B. Griffith, alleging he was the driver of the vehicle involved in the accident. [Doc #14]. It also attempts to set forth a claim against Miller Truck Lines, LLC on the basis of vicarious liability in Count II. *Id.* However, the First Amended Complaint has comingled Counts I and II, failing to

separate the allegations related to the two causes of action as follows:

### 1st Amended Complaint

Now comes the Plaintiff Michael L. Young by and through her attorneys, The Vrdolyak Law Group LLC, in support of her 1st Amended complaint against defendants Jason B. Griffith, Miller Truck Lines LLC and BBJ Trailer Leasing LLC states:

#### Counts I & II

*(Negligence -Jason B. Griffith) (Vicarious Liability- Miller Truck Lines LLC)*

\*\*\*

[Doc. #14].

Further, the First Amended Complaint includes a **second** claim for negligence against Defendant Jason B. Griffith in Count III. *Id.* It also alleges vicarious liability against "BBJ Trailer Leasing, LLC" in Count IV. *Id.* Similar to Counts I and II, Counts III and IV fail to separate the allegations related to the two separate causes of action as follows:

#### Counts III & IV

*(Negligence -Jason B. Griffith) (Vicarious Liability- BBJ Trailer Leasing LLC)*

[Doc. #14].

Additionally, Count III is duplicative, setting forth the same cause of action as Count I. Thus, this redundant pleading is improper and should be stricken from the Complaint. A Rule 12(f) motion allows a court to strike from "a pleading an insufficient defense or ***any redundant, impertinent, or scandalous matter.***" *Edmond v. City of Chicago*, 17-CV-04858, 2018 WL 5994929, at \*1 (N.D. Ill. Nov. 15, 2018); Fed. R. Civ. P. 12(f) (emphasis added). See also *Tribblet v. Sanchez*, 95 C 6816, 1996 WL 296581, at \*2 (N.D. Ill. May 31, 1996) (striking, sua sponte, a redundant count from the complaint).

Finally, the initial Complaint, and First Amended Complaint list one of the Defendants as "BBJ Trailer Leasing, LLC." [Doc #1, #22]. The allegations in the First Amended Complaint are directed to "BBJ Trailer Leasing, LLC." However, the appropriate party, is "*BJJ* Trailer Leasing, LLC." The Summons issued in this case was issued to "*BJJ* Trailer Leasing, LLC." [Doc. #12]. The Summons provides:

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* BJJ Trailer Leasing LLC.
C/O Bobby Miller
105 N. 8th Avenue
Stroud, OK 74079

[Doc. #12].

However, the First Amended Complaint only contains allegations and a cause of action directed to "*BBJ* Trailer Leasing, LLC." Thus, the First Amended Complaint includes a nonentity as a party to this litigation.

### Conclusion

The First Amended Complaint fails to comply with the pleading requirements set forth in Fed. R. Civ. P. 8 (a) (2) and Fed. R. Civ. P. 10 (b). Further, the First Amended Complaint includes repetitive and redundant causes of action. Finally, the First Amended Complaint asserts claims against an improperly named nonexistent defendant. "Although Rule 10(b) does not specify the appropriate remedy for violations of its provisions, courts retain the inherent power to order compliance with the rule." *Three D Departments, Inc. v. K Mart Corp.*, 670 F. Supp. 1404, 1409 (N.D. Ill. 1987).

Therefore, for the reasons set forth above, the Defendants respectfully request the Amended Complaint be dismissed without prejudice. In the alternative, the Defendants respectfully request this Court is Court grant undersigned counsel's request for Pro Hac Vice

Admission, which would include representation of "**BJJ** Trailer Leasing, LLC." and any other relief this Court deems appropriate under the circumstances.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23 day of August, 2019, the foregoing document was electronically filed with the Clerk of Court by using the CM/ECF system which sends a notice of electronic filing to the following counsel for the Plaintiff: Jon C. Papin, Esq., Vrdolyak Law Group, LLC, 9618 So. Commercial Ave., Chicago, IL 60617, via email to jpapin@Vrdolyak.com.

ABBEY, ADAMS, BYELICK & MUELLER, L.L.P.

DAVID J. ABBEY – ARDC #0000949
JENNIFER J. KENNEDY – Fla. Bar. #517267
Skyway Marina District
The Ceridian Campus
3201 US Highway 19 South, 9th Floor
St. Petersburg, FL  33711
Telephone (727) 821-2080
Facsimile (727) 822-3970
ServiceDAbbey@AbbeyAdams.com
Attorneys for Defendants

M066 / 21154 / PL / 02963471 1