IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

MICHAEL L. YOUNG,
    Plaintiff,

vs.

No: 3:19 cv 00708- NJR-GCS

JASON B. GRIFFITH;
MILLER TRUCK LINES, LLC; and
BBJ TRAILER LEASING, LLC,
    Defendants.

Jury Trial Demanded

/

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS MOTION TO CLARIFY THE OCTOBER 31, 2019 ORDER PURSUANT TO FED. R. CIV. P. 60(a)

Defendants hereby file their Memorandum of Law in Opposition to Plaintiffs Motion To Clarify The October 31, 2019 Order Pursuant to Fed. R. Civ. P. 60(a) and state as follows:

### Introduction

The Plaintiff's "Motion to Clarify" and the claimed grounds for relief set forth therein do not present a legal basis for this Court to modify its October 31, 2019 Order pursuant to Rule 60(a). In fact, the title of the pleading itself demonstrates the Plaintiff's misperception regarding a Rule 60(a) motion. Such a motion is not intended to "clarify" a prior order. Rather, as discussed below, "Rule 60(a) applies to correct "error[s] of transcription, copying, or calculation." *Klingman v. Levinson*, 877 F.2d 1357, 1361 (7th Cir. 1989).

The facts in this case demonstrate the statute of limitations has run; the Plaintiff is now using this Motion in an attempt to alter the facts and create a legal argument in opposition to the Defendants' motion for summary judgment that has been filed in another action filed in this Court, Case No: 20 cv 0049. The Plaintiff is asking this Court to review an Order of Dismissal that was issued nearly *two years ago* and state that the Order was not pursuant to the Defendants' Motion

1

to Dismiss (as stated in the Order), but rather was for "want of prosecution." The Rule 60(a) relief sought by the Plaintiff is not proper.

Expiration of the statute of limitations was not a defense raised in the 2019 action. Thus, it was not an argument or issue considered by this Court. However, in the 2020 action, which is pending before the Honorable Judge Gilbert, expiration of the statute of limitations has been raised as a defense. That issue remains pending before Judge Gilbert. The Plaintiff is asking this Court to alter its October 31, 2019 Order to include language that the Illinois Saving Statute applies and the Statute of Limitations does not preclude the 2020 action. Whether the Illinois Saving Statute applies and whether the Statute of Limitations has expired and bars the Plaintiff's 2020 action are matters presently before Judge Gilbert.

This Court's October 31, 2019 Order of Dismissal is clear and there is no basis for Rule 60(a) relief. The effect of that Order on the 2020 litigation is a matter pending before Judge Gilbert and should be decided in that case.

## **Factual Background**

This action arose out of a vehicle accident that occurred on July 4, 2017. Pursuant to 735 ILCS 5/13-202, the statute of limitations for a personal injury claim in Illinois is two years. Thus, the statute of limitations expired on July 4, 2019.

### A. Proceedings Before This Court

The Plaintiff filed her initial Complaint in this Court on June 28, 2019. [D.E. 1]. The Plaintiff sought jurisdiction in this Court based on diversity pursuant to 28 U.S.C. § 1332. [D.E. 1]. This Court issued an Order, on July 1, 2019, requiring the Plaintiff file an amended complaint, based on the Plaintiff's failure to properly allege citizenship of each member of Miller Truck Lines,

2

LLC and BBJ Trailer Leasing, LLC. [D.E. 9]. Thereafter, the Plaintiff filed an Amended Complaint, which was stricken by this Court on July 29, 2019. [D.E. 15].

Ultimately, the Plaintiff filed her First Amended Complaint on August 9, 2019. [D.E. 22]. On August 23, 2019, the Defendants filed a Motion to Dismiss the First Amended Complaint; Motion to Strike Count III and Memorandum of Law in Support. [D.E. 25]. In that Motion to Dismiss, the Defendants' challenged the Plaintiff's Complaint based on Rule 12, Rule 8, and Rule 10, Federal Rules of Civil Procedure. [D.E. 25]. Statute of Limitations was not raised as a defense or basis for dismissal. [D.E. 25].

The Plaintiff's Response to the Motion to Dismiss would have been due on or before September 23, 2019 pursuant to Rule 7.1. Rule 7.1 also provides, "Failure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." The Plaintiff failed to file any Response to the Defendants' Motion to Dismiss. On October 31, 2019, over two months after the Defendants' Motion to Dismiss had been filed, this Court entered an Order Granting the Defendants' Motion to Dismiss First Amended Complaint. [D.E. 26]. The Court stated:

> **DocketText:**
>
> **ORDER GRANTING [25] Motion to Dismiss First Amended Complaint filed by all Defendants. Due to the fact that the motion is unopposed, the Court summarily grants the motion. The First Amended Complaint is DISMISSED without prejudice. See Bonte v. U.S. Bank, N.A., 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument... results in waiver."). Signed by Chief Judge Nancy J. Rosenstengel on 10/31/2019. (bak)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED.**

3

Significantly, this Court's Order made no mention of the applicable statute of limitations, and provided no indication or factual basis indicating the Complaint had been dismissed for "want of prosecution."

Thereafter, this Court entered a "Clerk's Judgment" providing:

## JUDGMENT IN A CIVIL ACTION

**DECISION BY THE COURT.**

**IT IS ORDERED AND ADJUDGED** that, pursuant to the Order dated October 31, 2019 (Doc. 26), Plaintiff's claims against all Defendants were **DISMISSED without prejudice**, and the case was closed.

[D.E. 27]. Hence, the Plaintiff had an Order and a Judgment on October 31, 2019, advising the Court had ended her case.

Although Plaintiff's counsel now claims there was "an internal docketing error" or "clerk's error," that caused the Plaintiff's failure to respond to the Motion to Dismiss, the Plaintiff did not file a motion for rehearing, motion for reconsideration, Rule 60 motion, or any type of motion or pleading to bring this "docketing error" to this Court's attention. Further, once the Plaintiff received this Court's October 31, 2019 Order and the October 31, 2019 Judgment in Civil Action indicating the case was "closed" the Plaintiff did not file any motion or pleading, requesting this Court reopen the case and allow an amended complaint because the statute of limitations had run.

Instead, the Plaintiff waited over *six months* and filed her Second Amended Complaint on May 8, 2020. [D.E. 28]. Thus, the Plaintiff failed to respond to the Defendants' Motion to Dismiss, failed to respond to this Court's Order of Dismissal, and failed to respond to the "Judgment in a Civil Action" stating "the case was closed." This inaction cannot be attributed to "an internal docketing error," as Plaintiff's counsel would have received a service copy of all three of these documents. Moreover, the Plaintiff has not suggested that all three documents, which

should have prompted some response by the Plaintiff, were improperly handled by counsel's office staff.

After the Plaintiff filed her Second Amended Complaint on May 8, 2020, this Court issued an order striking the Second Amended Complaint stating, "This action was terminated by the Court's Order of October 31, 2019. (Doc. [26]). Accordingly, the Court STRIKES Plaintiff's Second Amended Complaint [28]. As the Court dismissed Plaintiff's actions without prejudice, he may refile in a new complaint in a new action." [D.E. 29]. This Court's Order made no reference to a dismissal for want of prosecution or to the statute of limitations.

Again, the Plaintiff did not file any motion or pleading, requesting this Court reopen the case and allow an amended complaint because the statute of limitations had run. Of course, the running of the statute of limitations based on the date of accident in this case would not have been apparent to the Court when it dismissed the Plaintiff's case. In fact, there was no statute of limitations defense was raised in the 2019 action before this Court.

**B.     Case Number 20 cv 449 Before The Honorable Judge Gilbert**

The Plaintiff filed a new complaint on May 14, 2020. The 2020 action is currently before the Honorable Judge Gilbert. The Defendants filed their Answer and Affirmative Defenses on September 25, 2020, raising, among other defenses, expiration of the statute of limitations. (Case No. 20 cv 449, D.E. 24). Thereafter, on January 15, 2021, the Defendants filed their Motion for Summary Judgment based solely on the statute of limitations defense. (Case No. 20 cv 449, D.E. 25). The Plaintiff failed to respond to the Defendants' Motion for Summary Judgment. Ultimately, On July 7, 2021, Judge Gilbert issued an Order to Show Cause based on the Plaintiff's failure to respond to the pending Motion for Summary Judgment. (Case No. 20 cv 449, D.E. 35).

Judge Gilbert set a hearing on the Order to Show Cause, for August 10, 2021. Judge Gilbert ordered the Plaintiff to file a Response to Defendants' Motion for Summary Judgment on the statute of limitations issue within seven days. (Case No. 20 cv 449, D.E. 45). Judge Gilbert indicated his intention to rule on the statute of limitations issue prior to proceeding with any other matters. As reflected in the Court Minutes, "The Court will make a ruling on the motion for summary judgment before addressing other pending matters if necessary." (Case No. 20 cv 449, D.E. 45).

On August 17, 2021 the Plaintiff filed her Answer and Objection to Defendant's Motion for Summary Judgment. (Case No. 20 cv 449, D.E. 48). Simultaneously, the Plaintiff filed her Motion to Clarify the October 31, 2019, Order Pursuant to Fed. R. Civ. P. 60(a) in this Case. [D.E. 30]. Thus, the Plaintiff waited nearly two years to seek "clarification" from this Court regarding its Order dismissing the Plaintiff's 2019 action. The Rule 60 motion was only filed after Judge Gilbert ordered a response to the Motion for Summary Judgment that is pending before him in the 2020 action.

The Plaintiff is asking this Court to rule that the statute of limitations has not expired. However, the statute of limitations was never an issue before this Court. The statute of limitations was raised as a defense in the 2020 action and is the subject of a Motion for Final Summary Judgment currently pending before Judge Gilbert. This Court's October 31, 2019 Order of Dismissal is clear. The effect of that Order on the 2020 litigation is a matter pending before Judge Gilbert and should be decided in the 2020 action.

## Legal Analysis

The statute of limitations for the Plaintiff to assert a claim arising out of the July 4, 2017 motor vehicle accident ran on July 4, 2019. The Plaintiff timely filed a complaint in this Court. After several attempts to properly plead a legally sufficient complaint, this Court granted the Defendants' Motion to Dismiss without prejudice. The Court advised the Plaintiff could ***refile a new complaint in a new action.*** There is no indication this Court was aware the statute of limitations had run when it closed the 2019 case and advised the Plaintiff could file a new action. The statute of limitations was not a defense raised in the 2019 action. Thus, it was not an argument or issue considered by this Court. The Plaintiff did not file a motion for rehearing, motion for reconsideration, Rule 60 motion, or any type of motion or pleading to request the Court allow an amended complaint in the 2019 action because the statute of limitations had run. Instead, the Plaintiff waited ***over six months*** and filed a new complaint in a new action after the statute of limitations had run.

This Court has recognized that "Strictly speaking, a motion to reconsider does not exist under the Federal Rules of Civil Procedure. Despite this fact, such motions are routinely presented, and this Court will consider them if timely-filed. If filed within ten days of the entry of a judgment or order in the case, the motions are construed as motions to alter or amend under Federal Rule of Civil Procedure 59(e)." *Trs. of the Carpenters' Health & Welfare Tr. Fund of St. Louis v. Brunkhorst*, No. 05-382-DRH, 2005 U.S. Dist. LEXIS 56140, at *1-2 (S.D. Ill. Sep. 13, 2005) (quoting *Hope v. United States*, 43 F.3d 1140, 1142 (7th Cir. 1995); *Britton v. Swift Transportation Co., Inc.*, 127 F.3d 616, 618 (7th Cir. 1997)("the key factor in determining whether a 'substantive' motion is cognizable under Rule 59 or 60 is its timing"); *Mendenhall v. Goldsmith*, 59 F.3d 685, 689 (7th Cir.), cert. denied, 516 U.S. 1011, 116 S. Ct. 568, 133 L. Ed. 2d 492 (1995)("any post-

judgment substantive motion that is made within ten days of the entry of judgment is deemed a Rule 59(e) motion.")).

To remedy the failure to file a motion for reconsideration, the Plaintiff is now attempting to alter the facts in order to create a legal argument in opposition to a pending motion for summary judgment filed in Case No: 20 cv 0049. The Plaintiff is asking this Court to review an Order of Dismissal that was issued *nearly two years ago* and state that the Order was not pursuant to the Defendants' Motion to Dismiss (as stated in the Order), but rather was for "want of prosecution." The Rule 60(a) relief sought by the Plaintiff is not proper.

The Seventh Circuit and Illinois District Courts have recognized, "[r]elief pursuant to Rule 60(a) is available to litigants in very limited circumstances. Rule 60(a) applies only where, because of a clerical error, the judgment expresses something different than what the court intended." *Johnson v. United Airlines, Inc.,* No. 17 C 08858, 2019 U.S. Dist. LEXIS 43484, at *7 (N.D. Ill. Mar. 18, 2019) (quoting *Moore-Bey v. Delrosario,* 165 F.3d 32 [published in full-text format at 1998 U.S. App. LEXIS 30462] (7th Cir. 1998)). "Rule 60(a) applies to correct "error[s] of transcription, copying, or calculation." *Klingman v. Levinson,* 877 F.2d 1357, 1361 (7th Cir. 1989). In other words, errors that may be amended under Rule 60(a) must be "in the nature of a clerical" mistake. *Id.* See also *United States v. Shanrie Co.,* No. 05-306-DRH, 2008 U.S. Dist. LEXIS 89946, at *2 (S.D. Ill. Nov. 3, 2008) ("Rule 60(a) allows a court to "correct a…mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."); *Townsend v. Snyder,* No. 01-CV-0065-DRH, 2005 U.S. Dist. LEXIS 12097, at *5 (S.D. Ill. June 14, 2005) (noting Rule 60(a), is limited to correcting clerical mistakes). See also *Johnson v. United Airlines, Inc.,* No. 17 C 08858, 2019 U.S. Dist. LEXIS 43484, at *9 (N.D. Ill. Mar. 18, 2019) (concluding the movant failed to demonstrate the judgment expressed "something different

than what the court intended" and "no clerical error was present in the Order and therefore Rule 60(a) is inapplicable").

Thus, Fed. R. Civ. P. 60(a) allows for changes that implement the result intended by the court at the time the order was entered, but not changes that alter the original meaning to correct a legal or factual error. *United States v. Ziola*, No. 79 CV 4923, 2001 U.S. Dist. LEXIS 3548, at *1 (N.D. Ill. Mar. 22, 2001). "In ascertaining the judge's intent, the court looks to evidence of the judge's contemporaneous intent as demonstrated in the record." *Id.* (citing *Klingman v. Levinson*, 877 F.2d 1357, 1360-61 (7th Cir. 1989)). See also *Kokomo Tube Co. v. Dayton Equip. Serv. Co.*, 123 F.3d 616, 623 (7th Cir. 1997) (examining "clear language" of Memorandum Opinion to discover judge's intent). The Seventh Circuit has explained, "Rule 60(a) cannot be used to change language that was poorly chosen, as opposed to incorrectly transcribed." *Blue Cross & Blue Shield Ass'n v. Am. Express Co.*, 467 F.3d 634, 637 (7th Cir. 2006). "Rule 60(a) can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced." *Paganis v. Blonstein*, 3 F.3d 1067, 1072 (7th Cir. 1993).

Here, the Plaintiff is attempting to alter the Order and Judgment from a dismissal based on the Defendants' Motion to Dismiss to a dismissal based on "want of prosecution." There is no claimed clerical mistake. Clearly, this Court did not dismiss the Plaintiff's Complaint for want of prosecution. Rule 41(b) addresses dismissals for want of prosecution. An examination of that Rule demonstrates that the dismissal in this case, which was pursuant to the Defendants' Motion to Dismiss, was not a dismissal for "want of prosecution." Rule 41(b) provides:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or

9

>failure to join a party under Rule 19—operates as an adjudication on the merits.

This is a specific rule that is implemented in specific circumstances. The Plaintiff appears to be confusing cause and effect. The Plaintiff's complaint was dismissed; however, that dismissal was a result of the Defendants' Motion to Dismiss pursuant to Rule 12, Rule 8, and Rule 10, Federal Rules of Civil Procedure. The Plaintiff failed to make arguments in opposition to the Defendants' Motion to Dismiss. As noted by this Court, that inaction by the Plaintiff resulted in a waiver of arguments in opposition to the Defendants' Motion. However, the dismissal was not for "want of prosecution," the dismissal was based on the Plaintiff failing to present a properly pled complaint that sufficiently stated a cause of action after multiple attempts.

The Plaintiff's attempts to revise history and argue this Court's dismissal was based on want of prosecution is simply incorrect. While it is true that the Plaintiff failed to respond to the Motion to Dismiss, that failure to respond resulted in a waiver of arguments in opposition to the Defendants' Motion. However, the dismissal was ultimately based on the Defendants' Motion to Dismiss, not because the Court found there had been a "want of prosecution."

In fact, the circumstances in this case do not support this Court entering a dismissal for want of prosecution. See e.g. *Sroga v. Huberman*, 722 F.3d 980, 982 (7th Cir. 2013) (analyzing a court's dismissal for want of prosecution after the plaintiff failed to appear at a status hearing); *Aura Lamp & Lighting, Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 904 (7th Cir. 2003) (reviewing the district court's dismissal for want of prosecution based on violations of discovery orders); *Harrington v. City of Chi.*, 433 F.3d 542, 544 (7th Cir. 2006) (reviewing the dismissal for want of prosecution, which was based on the failure to appear for court dates, to disclose material documents as ordered, to respond to written discovery requests, to appear for noticed depositions, and to respond to opposing counsel's inquiries ); *Williams v. Chi. Bd. of Educ.*, 155 F.3d 853, 854

(7th Cir. 1998) (explaining, "District courts inherently possess the authority to dismiss a case sua sponte for want of prosecution. Such a dismissal is one of the tools available to district courts to achieve the orderly and expeditious disposition of cases. Dismissal is a very harsh sanction, however, and should be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing.").

It is clear based on the facts and circumstances in this case, as well as this Court's October 31, 2020 Order, that this Court's dismissal was based on the Defendants' Motion to Dismiss, not because the Court found there had been a "want of prosecution." The Plaintiff's request for this Court to make a substantive change to the October 31, 2019 Order under Rule 60(b) to reflect that the dismissal was for "want of prosecution" is not permissible and is not supported by the record.

The Plaintiff is attempting to alter the facts in this case in order to create a legal argument in opposition to a pending motion for summary judgment in Case No: 20 cv 0049. The statute of limitations defense was never an issue before this Court. The statute of limitations and whether the Saving Statute applies to the 2020 action are matters presently before the Honorable Judge Gilbert in the 2020 action. This Court's October 31, 2019 Order of Dismissal is clear. The effect of that Order on the 2020 litigation is a matter pending before Judge Gilbert and should be decided in the 2020 action.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the ___ day of August, 2021, the foregoing document was electronically filed with the Clerk of Court by using the CM/ECF system which sends a notice of electronic filing to the following counsel for the Plaintiff:

11

Jon C. Papin – ARDC #06200779
Steven C. Armbruster
VRDOLYAK LAW GROUP, LLC
9618 S. Commercial Avenue
Chicago, Illinois 60617
jpapin@vrdolyak.com
iherrera@vrdolyak.com
sarmbruster@vrdolyak.com
bbenefield@vrdolyak.com

ABBEY, ADAMS, BYELICK & MUELLER, L.L.P.

_/s/ D. Abbey_
DAVID J. ABBEY – ARDC #0000949
JENNIFER J. KENNEDY
Skyway Marina District
The Ceridian Campus
3201 US Highway 19 South, 9th Floor
St. Petersburg, FL 33711
Telephone (727) 821-2080
Facsimile (727) 822-3970
ServiceDAbbey@AbbeyAdams.com
Attorneys for Defendant